ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 DEC -2 AM 10: 03

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JOHN W. CURRY, | ) |
| Petitioner, | ) |
| v. | ) CV 105-183 |
| RALPH KEMP, Warden, | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

According to Petitioner, on September 22, 1995, he was convicted of rape and

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

kidnaping following a jury trial in the Superior Court of McDuffie County, Georgia. (Doc. no. 1, p. 1). Petitioner appealed his convictions to the Georgia Court of Appeals, which affirmed on April 27, 2000. (Id. at 2; see also Curry v.State, 243 Ga. App. 712, 534 S.E.2d 168 (2000)). Petitioner apparently did not seek certiorari review in the Georgia Supreme Court, but he did bring a petition for writ of habeas corpus in the Superior Court of Ware County, Georgia, which was denied on November 8, 2002. (Id. at 2-3). Following this denial, Petitioner applied for a certificate of probable cause to appeal to the Georgia Supreme Court; the Georgia Supreme Court denied his application on April 30, 2003. (Id. at 3).

According to Petitioner, he also sought post-conviction relief by filing an application for sentence review with the "Superior Courts Sentence Review Panel," which dismissed his application for lack of jurisdiction. (Id. at 9). Undeterred, Petitioner filed an application for permission to file an out of time appeal in the Superior Court of McDuffie County on July 8, 2004, which the court denied on August 16, 2004. (Id. at 10). Petitioner attempted to appeal that denial to the Georgia Court of Appeals, but his appeal was dismissed for lack of jurisdiction on September 17, 2004. (Id.). Finally, Petitioner filed a "motion for reconsideration" with the Georgia Court of Appeals, but this motion was likewise denied on October 21, 2004. (Id.).

Petitioner then executed the instant federal application for writ of habeas corpus on November 2, 2005, which was filed with the Court on November 7, 2005.[2] (Id. at 6).

---

[2]The instant petition is deemed filed on the date of delivery to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 275-76 (1988). In the Eleventh Circuit, the district court is to construe the date of Petitioner's signature as the date of delivery to prison officials for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam) (applying "mailbox rule" to motion to vacate filed pursuant to 28 U.S.C. § 2255). Thus, the Court construes the date that Petitioner signed the instant federal petition, November 2, 2005, as the date he filed the petition.

Petitioner contends that the state trial court, appellate courts, and habeas court committed numerous errors, that he received ineffective assistance of trial and appellate counsel, and that his convictions should be overturned. (See generally id.).

## II. DISCUSSION

A.  **Section 2254 Petitions are Governed by a One-Year Statute of Limitations.**

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1.  **Petitioner's Conviction Became Final in May of 2000.**

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion

3

of direct review or the expiration of the time for seeking such review." Although Petitioner appealed to the Georgia Court of Appeals, he failed to seek certiorari from the Georgia Supreme Court after his conviction was affirmed on April 27, 2000. Under Georgia Supreme Court Rule 38, "Notice of intention to apply for certiorari shall be given to the Clerk of the Court of Appeals within 10 days after the date of entry of judgment or the date of the disposition of the motion for reconsideration, if one is filed."[3] Thus, Petitioner's conviction became "final" in May 2000, when the ten (10) day period in which he could seek review by the Georgia Supreme Court expired. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'").

Thus, for purposes of determining the running of the statute of limitations under the AEDPA, the Court finds that Petitioner's convictions became final in May of 2000. Because Petitioner did not seek federal habeas relief until November of 2005, the instant petition is clearly time-barred absent some reason to toll or delay the start of the statutory period.

2.      **Application of the Statute of Limitations**

Of course, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, even assuming that each of Petitioner's attempts to obtain post-

---

[3] Petitioner does not indicate that he filed a motion for reconsideration in the Georgia Court of Appeals at this time.

4

conviction relief were "properly filed" (a matter which is by no means clear), his petition is still clearly time-barred. By his own account, Petitioner's most recent attempt to obtain post-conviction relief or collateral review in state court was denied on October 7, 2004. (Doc. no. 1, p. 10). He did not execute the instant federal petition until November 2, 2005, more than a year later. (Id. at 6).

That said, the AEDPA does outline three situations which may delay or reset the one-year statute of limitations clock: where there is a newly discovered factual predicate for a petitioner's claim, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(B)-(D)(quoted *supra*). However, Petitioner has not provided the Court with any reason to suppose that any of these situations exists in this case.

Finally, even though the dates of Petitioner's conviction and state collateral relief proceedings establish that the current federal petition is untimely, the Court is aware that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Nonetheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd*, 125 S. Ct. 1571 (U.S. 2005). Therefore, Petitioner bears the burden of proving his entitlement to such equitable tolling. Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per*

*curiam*), *cert. denied*, 538 U.S. 947 (2003).

Here, Petitioner has not provided any explanation for his delay in seeking federal habeas relief. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.[4]

**B.     The Instant Petition is Time-Barred.**

Simply put, the instant petition must be dismissed. Petitioner's convictions became final in May 2000, and he stopped pursuing post-conviction remedies in state court in October 2004. Petitioner did not execute the instant petition until November 2005, by which time the statute of limitations had run. Petitioner has outlined no basis upon which to conclude either than his AEDPA clock began to run on some date other than that upon which his conviction became final, or that the statutory period should be tolled. In sum, the instant petition is untimely and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED**, that this case be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2ND day of November, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]Nor has Petitioner made a colorable claim of actual innocence that might warrant consideration of an otherwise untimely federal petition. See Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).