FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JAN 20 PM 1: 13

CLERK J. Burton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOHN W. CURRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 105-183 |
| | ) |
| RALPH KEMP, Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. The Magistrate Judge recommended that the captioned petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, be dismissed as barred by the applicable one-year statute of limitations. (Doc. no. 3). In his objections, Petitioner argues on several grounds that his petition is timely because the statutory period should be tolled. (Doc. nos. 5-6). Before addressing these contentions, the Court will review the procedural history of this case.

On September 6, 2005, Petitioner sent a letter addressed to the "Honorable Chief Judge William O'Kelly;" this letter was received by the Northern District of Georgia and docketed as a habeas petition on September 12, 2005. Curry v. State of Georgia, CV 105-2404, doc. no. 1 (N.D. Ga. Sept. 12, 2005). In this letter, Petitioner "implor[ed]" the court's assistance, and noted in vague terms that Petitioner "was never given an opportunity to address the issue of ineffective assistance of trial counsel." Id. at 1. Petitioner also enclosed certain state court documents, which reveal that Petitioner has made various attempts in the Georgia courts to

challenge convictions for rape and kidnaping entered in the Superior Court of McDuffie County, Georgia. See id. at 3-12. Because Petitioner's court of conviction lies within the Southern District of Georgia, Petitioner's letter was transferred to this Court. CV 105-2404, doc. no. 2.

As it has long been the rule in this Circuit that an unsworn letter written directly to a district judge "is insufficient to invoke federal habeas jurisdiction," Weaver v. Texas, 441 F.2d 388, 389 n.1 (5th Cir. 1971)(*per curiam*)[1] (citing Riojas v. Turner, 304 F. Supp. 559 (D. Utah 1969)), there is a standing order in this District explaining that letters like Petitioner's should be returned unfiled.[2] See In re Unsolicited Letters to Federal Judges, 120 F. Supp.2d 1073, 1074 (S.D. Ga. 2000). Whenever a *pro se* prisoner writes a letter directly to the Court complaining of his conviction, rather than opening a file, the Clerk is directed to return the letter to the prisoner and forward him copies of the appropriate forms for filing a habeas petition in federal court. Unsolicited Letters, 120 F. Supp.2d at 1074. Accordingly, pursuant to the standing order explained in Unsolicited Letters, the undersigned dismissed Petitioner's letter as improvidently filed and gave him instructions regarding the filing of a federal habeas petition. Curry v. State of Georgia, CV 105-163, doc. no. 1, pp. 2-3 (S.D. Ga. Oct. 26, 2005).

---

[1] In Bonner v. Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*).

[2] It should perhaps be noted that Petitioner's letter plainly did not comport with the requirements of 28 U.S.C. § 2242, which provides that an application for writ of habeas corpus "shall": 1) be "verified," 2) "allege facts concerning the applicant's custody or detention," and 3) state "the name of the person who has custody over [the petitioner]." Likewise, Petitioner's letter also did not comport with the requirements of Rule 2 of the Rules Governing § 2254 Cases, which requires habeas petitioners to name a respondent, to specify all the available grounds for relief, to state the facts supporting each ground, and to verify their petitions. Although it should be apodictic that the Court is empowered to refuse to file or to dismiss without prejudice any petition which does not conform to the mandates of § 2244 and the Rules Governing § 2254 cases, the Court will cite authority for the proposition. See Cox v. McBride, 279 F.3d 492, 493 (7th Cir. 2002); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990); Adams v. Armontrout, 897 F.2d 332, 333-34 (8th Cir. 1990); Quinn v. Dooley, 272 F. Supp.2d 839, 845 (D.S.D. 2003).

2

The instant petition, executed on November 2, 2005, followed. (Doc. no. 1, p. 6).

The Magistrate Judge, noting that Petitioner's convictions became final in May of 2000, determined that the instant petition was time-barred under the one-year statute of limitations enacted by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996. (See generally doc. no. 3). Petitioner argues that the Magistrate Judge erred because: 1) Petitioner's aforementioned letter provides a basis for tolling the statutory period; 2) Petitioner is entitled to equitable tolling because his appellate counsel was constitutionally ineffective for failing to file a timely motion for reconsideration in the Georgia Court of Appeals or a petition for writ of certiorari to the Georgia Supreme Court; and 3) Petitioner's AEDPA clock was not running during the pendency of Petitioner's applications for post-conviction relief in state court. (Doc. no. 5, pp. 2-5).

Before addressing these arguments, it may be helpful to explain Petitioner's filing history in state court, as alleged by Petitioner. Following jury trial, Petitioner was convicted on September 22, 1995. (Doc. no. 1, p. 1; CV 105-2404, doc. no. 1, p. 4). Petitioner attempted to appeal *pro se*, but appellate counsel was appointed for him on October 20, 1995. CV 105-2404, doc. no. 1, p. 4. That same day, a motion for new trial was filed, which the trial court denied on September 1, 1999. Id. at 4-5. Petitioner then filed an appeal with the Georgia Court of Appeals, which affirmed his conviction on April 27, 2000. (Doc. no. 1, p. 2; see also Curry v. State, 243 Ga. App. 712, 534 S.E.2d 168 (2000)). Petitioner did not seek reconsideration from the Georgia Court of Appeals or seek certiorari review from the Georgia Supreme Court; thus, the Magistrate Judge correctly concluded that Petitioner's convictions became final in May 2000. (Doc. no. 3, pp. 3-4).

Petitioner did file a state habeas petition in the Superior Court of Ware County, Georgia, which denied his petition on November 8, 2002. (Doc. no. 1, pp. 2-3; see also CV 105-2404, doc. no. 1, p. 6). Petitioner then filed an application for certificate of probable cause to appeal the denial of his petition with the Georgia Supreme Court, which was denied on April 30, 2003. (Doc. no. 1, p. 3; see also CV 105-2404, doc. no. 1, p. 7). Petitioner then filed an application for sentence review on May 8, 2003, which was dismissed for lack of jurisdiction on January 20, 2004, according to Petitioner. (Doc. no. 1, pp. 9; CV 105-2404, doc. no. 1, p. 5).

Undeterred, Petitioner filed a motion for permission to file an out-of-time (direct) appeal of his conviction in the Superior Court of McDuffie County on July 8, 2004, which was denied on August 16, 2004. (Doc. no. 1, p. 10; CV 105-2404, doc. no. 1, pp. 5, 11). Petitioner appealed the denial to the Georgia Court of Appeals, which explained that "because [Petitioner] raises no issues that could entitle him to a second appeal in this Court, we lack jurisdiction to consider this application for discretionary appeal." CV 105-2404, doc. no. 1, p. 11. Accordingly, Petitioner's appeal of the denial of his motion for leave to file an out-of-time appeal was denied on September 17, 2004. (Doc. no. 1, p. 10; CV 105-2404, doc. on. 1, pp. 11-12). Petitioner asked the Georgia Court of Appeals to reconsider; his motion for reconsideration was denied on October 21, 2004. (Doc. no. 1, p. 10). At last having given up on obtaining a remedy in the state courts, Petitioner sent his letter to the Northern District of Georgia on September 6, 2005, and executed the instant federal petition on November 2, 2005.

First, it should be noted that none of Petitioner's filings made in state court after the Georgia Supreme Court denied his application for certificate of probable cause to appeal on April 30, 2003, were "properly filed application[s] for State post-conviction or other collateral

4

review" which could have prevented Petitioner's AEDPA clock from running. 28 U.S.C. § 2244(d)(2). "[A]n application is *properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filing." Pace v. DeGuglielmo, __ U.S. __, 125 S. Ct. 1807, 1809 (2005)(quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). Of particular note here, an application cannot be considered "properly filed" if jurisdiction is lacking. Artuz, 513 U.S. at 9 ("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be *pending*, but not *properly filed*.").

In Georgia, "[h]abeas corpus is the exclusive post-appeal procedure available to a defendant who asserts the denial of a constitutional right." State v. Smith, 276 Ga. 14, 15, 573 S.E.2d 64, 65 (2002)(citing O.C.G.A. 9-14-41); see also Herrington v. State, 265 Ga. App. 454, 457, 594 S.E.2d 682, 684 (2004). Thus, Petitioner's attempt to challenge his conviction via a motion for out-of-time appeal was improper--indeed, as noted *supra*, the Georgia Court of Appeals dismissed Petitioner's appeals from the denial of that motion for lack of jurisdiction. See, e.g., Baptiste v. State, 262 Ga. App. 71, 71 585 S.E.2d 92, 93 (2003). Petitioner also concedes, as described *supra*, that his application for sentence review was likewise dismissed on jurisdictional grounds. Therefore, Petitioner's AEDPA clock was running between April 30, 2003, when his last "properly filed" application for post-conviction or collateral review in state court was denied, and September 6, 2005, when Petitioner executed his letter to the Northern District. Of course, by that time the AEDPA period of limitations had long-since expired.

Of course, the Magistrate Judge determined that "even assuming that each of Petitioner's attempts to obtain post-conviction relief were 'properly filed' . . . his petition is still clearly time-barred." (Doc. no. 3, pp. 4-5). Perhaps in an overabundance of caution, the

Court notes that the Magistrate Judge was correct on this score. By Petitioner's own admission, all of his efforts to obtain post-conviction or collateral review in state court ceased in October 2004. (Doc. no. 5, p. 3, see also discussion *supra*). He did not execute the instant petition until November 2005, rendering it clearly time-barred.

Even assuming *arguendo* that Petitioner's September 6th letter to the Northern District could be properly considered a federal habeas petition, "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations."[3] Rhines v. Weber, __ U.S. __, 125 S. Ct. 1528, 1533 (2005)(citing Duncan v. Walker, 533 U.S. 167, 181-82 (2001)). Nor can the instant petition "relate back" to the filing of Petitioner's dismissed letter. See Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000)("a § 2254 petition cannot relate back to a previously filed petition that has been dismissed without prejudice because there is nothing for the current petition to relate back to."). Put plainly, Petitioner's September 6th letter is a nullity for the purposes of the AEDPA statute of limitations. In sum, the captioned petition is untimely.

Nor does Petitioner's case present an occasion for equitable tolling of the statutory period. First, Petitioner's argument regarding his appellate counsel's alleged failure to seek further review following the Georgia Court of Appeal's affirmance of his convictions is a *non sequitor*. The right to counsel does not extend to purely discretionary appellate review, rather, the State is only "required to appoint counsel for an indigent defendant's first-tier appeal as of

---

[3]It should also be recognized that this Court was not obliged to warn Petitioner that his AEDPA clock was ticking before dismissing his letter as improvidently filed. See Pliler v. Ford, 542 U.S. 224, 231 (2004)(explaining in context of unexhausted petition that "District judges have no obligation to act as counsel or paralegal to *pro se* litigants . . . Explaining the details of federal habeas procedure and calculating statutes of limitations are tasks normally and properly performed by trained counsel as a matter of course. Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers.").

right." Halbert v. Michigan, __ U.S. __, 125 S. Ct. 2582, 2587 (2005). Thus, once the Georgia Court of Appeals affirmed Petitioner's convictions, the State was no longer obligated to provide appellate counsel. In addition, attorney error is generally no basis for equitable tolling. See, e.g., Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Simply put, Petitioner's appellate counsel's purported failure to seek discretionary review did not implicate Petitioner's constitutional rights and provides no basis for equitable tolling.

More generally, equitable tolling is only appropriate when "'circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*)(citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Accordingly, equitable tolling is typically applied sparingly, Steed, 219 F.3d at 1300, and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd*, 125 S. Ct. 1571 (U.S. 2005). Therefore, Petitioner bears the burden of proving his entitlement to such equitable tolling. Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), *cert. denied*, 538 U.S. 947 (2003). Petitioner has presented no reason to suppose that such tolling is warranted in this case.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's motion to proceed *in forma pauperis* is **DENIED**, the case is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 20th day of January, 2006, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

7